UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| BRYAN A. JORDAN,  :  <br> Plaintiff,  : <br> : <br> v.  : <br> : <br> SCOTT SEMPLE, ET AL.,  : <br> Defendants.  : | PRISONER <br> Case No. 3:16-cv-1454 (VAB) |

**RULING ON MOTION FOR RECONSIDERATION**

Bryan A. Jordan ("Plaintiff") is an inmate at the MacDougall-Walker Correctional Institution in Suffield, Connecticut. On January 11, 2017, the Court denied Mr. Jordan's motion for leave to proceed *in forma pauperis* and notified him that his Complaint would be dismissed if he did not submit the filing fee within twenty (20) days of the date of the Court's Order. Mr. Jordan did not deliver the filing fee to the Court within the time specified in the Order. Instead, on February 17, 2017, Mr. Jordan moved for reconsideration of the Order.

As a preliminary matter, the motion for reconsideration is untimely. Under Rule 7(c), D. Conn. L. Civ. R., a motion for reconsideration "shall be filed and served within seven (7) days of the filing of the decision or order from which relief is sought."[1] The motion for reconsideration was filed thirty-seven days after the Order denying his motion to proceed *in forma pauperis*.[2]

---

[1] The prior version of Local Rule 7(c)(1) permitted a party fourteen days to file a motion for reconsideration. *See Travelers Cas. & Sur. Co. v. Century Indem. Co.*, No. 3:16-CV-170 (JCH), 2017 WL 88969, at *1 (D. Conn. Jan. 10, 2017) (citing prior version of Local Rule 7(c) (1) which required a motion for reconsideration to be filed and served "within fourteen days of the filing of the decision or order from which relief is sought"). The Court revised Local Rule 7 as of January 18, 2017. *See* Rule 7(c), D. Conn. L. Civ. R. amended January 18, 2017, http://www.ctd.uscourts.gov/court-info/local-rules-and-orders. Of course, even under the prior version of Local Rule 7(c)(1), the motion for reconsideration is untimely.

[2] Although Mr. Jordan mentions that the facility in which he was incarcerated was on lockdown at one point and suggests that the lockdown precluded him from responding to the Court's order in a timely manner, he concedes that he was able to make contact with and receive mail from the Inmate Legal Aid Program during this same time period.

1

Thus, the motion for reconsideration is denied as untimely.

Even if the motion were not untimely, Mr. Jordan has not demonstrated that the Court erred in denying his motion to proceed *in forma pauperis*. "Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions." Rule 7(c), D. Conn. L. Civ. R. Reconsideration will be granted only if the moving party can identify "controlling decisions or data that the court overlooked" and that would "reasonably be expected to alter" the Court's decision. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration may not be used to re-litigate an issue that the court has already decided. *See id.*

In its Order, the Court noted that Mr. Jordan had over $400 in his inmate account and received monthly deposits of $50, and therefore concluded paying the filing fee would not "force him to forego the necessities of life or abandon this action." *See* Ruling and Order*,* ECF No. 7, 1. In his motion, Mr. Jordan describes his "changed financial condition" and states that he no longer has sufficient funds in his inmate account to pay the $400.00 filing fee. Mot. Recon., ECF No. 8 at 1. He claims that he no longer has a job, his family has not made deposits to his inmate account for two months and he has approximately $300.00 in his inmate account. *Id.* at 2. He also does not submit a revised application to proceed *in forma pauperis*, any evidence of the deposits made to his inmate account over the last six months, or an updated copy of his Inmate Trust Account. He has offered to send $150.00 to the Court towards payment of the filing fee. *Id.* The Court cannot accept a partial payment of the filing fee.

In his motion, Mr. Jordan does not point to data that the Court overlooked when it denied his motion to proceed *in forma pauperis*. Rather, he asserts that changes in circumstances would

---

*See* Mot. Recon., ECF No. 8 at 2-3.

justify a different result if Mr. Jordan had filed his motion today. Thus, the Court cannot conclude that he is unable to pay the $400.00 filing fee. Accordingly, the motion for reconsideration is denied.

## Conclusion

For the reasons set forth above, the Motion for Reconsideration [**ECF No. 8**] is **DENIED**. The case is **DISMISSED** for failure to pay the filing fee. Any motion to reopen shall be accompanied by the $400.00 filing fee and shall show cause why Mr. Jordan failed to comply with the Court's Order. The Clerk of Court is directed to close this case.

SO ORDERED at Bridgeport, Connecticut this 7th day of July, 2017.

    _/s/ Victor A. Bolden_____
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE